Caruthers, J.,
delivered the opinion of the Court.
This action is by the plaintiff, as administrator of Sebastian Patton, against the defendants, as executors of their own wrong, to render them liable for an amount of money, demanded and received by them, as creditors, from the widow, with a full knowledge of her want of authority to pay debts against the estate, and that no administration had been granted to any one.
The deceased had gone to the south, with bacon purchased,,of the defendants and others, for which he and his brother were bound by their notes. One note was dated 20th May, 1852, and due sixty days after date, for forty-eight dollars, payable to Dana C. Mitchell, and signed by the said Sebastian. The other was for $140, to James M. Mitchell, and signed by both Sebastian and James Patton.
Sebastian, after having sold the bacon, returned from the South with the cholera upon him on Friday, of which he died on the next Monday, in the latter part of June or first of July, 1852. It appears that a short time after his death, James M. Mitchell presented both notes to the widow, and demanded the money, which was paid to him, by her out of the pocket book of deceased. And that the plaintiff was appointed administrator, and brought this suit against the defendants as executors de son tort, to recover the amount received, and had a verdict and judgment for $188. Various objections are taken, but none of them need be noticed, but the main one, on which *321 the case must turn, of the liability of the defendants under the circumstances stated, as executors in their own ■wrong. And upon this question we think the charge of the Court, and the finding of the jury, were unquestionably correct.
The main argument relied upon, is, that as the widow, if she were sued, could, defend herself successfully upon the ground, that the money taken had been applied to the payment of just debts, the defendants who recovered it as creditors, cannot be made liable.
It is by no means certain that she could make that defence, under the circumstances of this case. That is the rule in relation to one, who is proved to have been acting at the time in the character of executor, but not so of a mere solitary act, in the very instance complained of, by one taking upon himself to hand over the goods or money of the deceased to a creditor. The case of Mountford vs. Gibson, 4 East. 441, where this principle was decided, is almost identical with this. 1 Williams on Ex., 223. Such must be the law, both upon reason and authority.
It is easy to see how the just and equitable principles of our laws, regulating the distribution of insolvent estates could be evaded, and defeated, if this course were tolerated. The widow, or any one having access to the assets, could upon the principle contended for, give preference and advantage-to private creditors, to the exclusion of others of equal merit. This case fully illustrates the abuses that would be practiced. This estate turns out to be *322 insolvent, and ' these creditors, by an indecent and hasty intrusion upon the widow in the midst of her grief, obtained access to the money of the deceased and satisfy their debts in full, when others equally meritorious, and more observant of the proprieties of life, and the law of the land, may not get fifty cents in the dollar upon their claims. The policy of the law is decidedly against any in-termeddling with estates, but by authority of the law. No wrongful interference should be to any extent permitted.
They were correctly made liable, and the judgment will be affirmed.